## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LINDSEY,** | § | |
| **#22025071,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:23-CV-1095-S-BK** |
| | § | |
| **SEVERAL JAILERS, ET AL.,** | § | |
| **DEFENDANTS.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. As outlined here, this case should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On July 14, 2023, counsel entered an appearance on behalf of Plaintiff, who was then incarcerated at the Dallas County jail. Doc. 10. In the *Notice of Appearance*, counsel indicated that "Plaintiff intends to file an amended pleading forthwith, as soon as the identities of the officers who assaulted him can be ascertained, and will be seeking leave to amend his complaint accordingly." Doc. 10 at 1. Thus, in August 2023, the Court ordered Plaintiff to file any amended complaint by November 2, 2023, and to also show cause by September 7, 2023, why, in light of his ability to retain counsel, his *in forma pauperis* status should not be revoked and he be required to pay the court fees and costs. Doc. 11; Doc. 12. Plaintiff failed to respond as ordered.

On November 6, 2023, in the interest of justice, the Court extended *sua sponte* the deadline for complying with both orders to November 20, 2023. Doc. 13. As of the date of this recommendation, however, Plaintiff still has not responded to the Court's orders, nor has he sought an additional extension of the time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's orders. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on December 7, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).